## B. LEMCKE V. THE STATE.

### No. 4971. Decided April 10, 1918.

**Slander—Female—Continuance—First Application.**

Where it appeared from defendant's first application for continuance, that the absent witness had been duly subpoenaed and was prevented from attending court by reason of illness, which confined him in the hospital, and his testimony

was material in that defendant expected to show that the alleged slanderous utterance had not been used by him, the continuance should have been granted, and the court's action in overruling the application was reversible error.

Appeal from the County Court of Matagorda.    Tried below before the Hon. R. R. Lewis.

Appeal from a conviction of slandering a female; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was charged by information and convicted for slander by imputing the want of chastity to a female in the presence of J. J. Fortenberry and others, and fined $100.

Fortenberry testified that appellant used in substance the language charged in the information in his presence and in the presence of Jerome Kruger.    From his testimony it appears that appellant came to his house in company with Kruger and that Kruger heard such conversation as took place.    It seems from his testimony that the conversation was primarily with reference to a fence, but incidentally the slanderous utterance was made by appellant in the presence and hearing of the witness and Kruger.

The information was filed the 28th day of May, 1917, and the trial was had about the 2nd of June of the same year.    Appellant made an application for a continuance on account of the absence of Jerome Kruger, who, as above stated, was shown by the State's witness to have been present and heard the conversation, and by whom appellant in his application for a continuance stated he could prove that the language imputed to him had not been used by him.    From the motion to continue, which was the first motion it appeared that Kruger had been subpoenaed, and that in obedience to the subpoena while on his way to attend the trial on the 1st day of June was seriously injured in an automobile accident, and at the time the application was filed was confined in the hospital in Bay City in Matagorda County; that his injury was such that he could not be interviewed, the medical authorities in charge of him informing appellant that it would be several days before he could be seen.    The application contains the statutory requisites, and in our judgment entitled appellant to a continuance.    Because of its refusal the judgment of the lower court is reversed and the cause remanded.

The other questions raised do not, as presented, show error.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.