JESSE LEE JOHNSON v. THE STATE.

No. 6765. Decided April 12, 1922.

**1.—Assault to Murder—Newly Discovered Evidence.**

Where, upon appeal from a conviction of assault with intent to murder, appellant sought a new trial because of the alleged newly discovered evidence, but the defendant did not bring himself within the rule, by showing proper diligence, etc., in obtaining the absent testimony there was no error in overruling the motion.

**2.—Same—Statement of Facts—Practice on Appeal.**

The document filed and denominated, as the statement of facts given upon motion for new trial, which consists in question and answer form, cannot be considered on appeal. Following Ferguson v. State, 83 Texas Crim Rep., 273, and other cases.

Appeal from the District Court of Henderson. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of assault to murder; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Miller,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

The facts, from the State's standpoint, go to show that the appellant shot Phillis without provocation at the time. He stated im-

mediately after the shooting that it was on account of Phillips' mis-conduct towards appellant's family.

Appellant's theory, as developed from his testimony, was that he had been informed by his wife that Phillips had been guilty of insulting conduct towards her; that he had threatened to kill her and the appellant. He went to see Phillips where he was at work. Appellant testified: "* * * and when I spoke to him, he started like he was coming toward me, and I shot him."

Appellant sought a new trial because of alleged newly discovered evidence. The action of the trial court in denying the motion is made the sole ground of complaint in this appeal. The wife of the appellant was not present at the trial, and the newly discovered evidence is her testimony to the effect that she had communicated to the appellant the fact showing Phillips' misconduct towards her and his threats to take her life and that of the appellant. Whether she was subpoenaed or not was a controverted issue upon hearing the motion. She made an affidavit that she would have given the testimony if present at the trial and that she was absent because of sickness. She resided twenty-one miles from the county seat.

No effort was made to continue the case on account of her absence. Explanatory of this and in support of the contention made by the appellant that her testimony is to be classified as newly discovered evidence, there appears attached to the motion the affidavit of Tatum to the effect that on the morning on which the trial began, he advised appellant's attorney that appellant's wife would not give the testimony in question. That this information was received from Tatum and that because of it no application for continuance was made is verified by the affidavit of appellant's attorney. The affidavit does not disclose upon what authority or information Tatum acted in making the report mentioned to appellant's counsel.

We are constrained to regard the record inadequate to justify overturning the verdict. The only mitigating fact interposed was the information which the appellant had received from his wife touching the conduct and language of Phillips towards her. He testified upon the trial that his wife told him these things. It is obvious therefore that before the trial, he was aware that she could have testified to them. Assuming that she had been subpœnaed as a witness and was unable to attend the trial, an application for a continuance would probably have resulted in a delay of the trial in order to obtain her testimony. The information given by Tatum, without disclosing the source of it, was not, in our judgment, sufficient to excuse diligence on the part of the appellant to secure the attendance of his wife at his trial. If an application to continue had been made and overruled, and complaint here made of the action of the court, a different question would be presented. The trial judge may have decided on the controverted facts that the witness had not been subpoenaed at all. If such finding was necessary to support his ruling, it would be in-

cumbent upon this court to indulge the presumption that he did so conclude. We do not deem it necessary, however, to make this assumption. The evidence was newly discovered, and the statement of Tatum was insufficient to excuse diligence to secure the testimony. The subject of newly discovered evidence has been so often before the court, and the rules touching it are so firmly established and so pertinently bear upon the merits of the present matter, that we deem a detailed reference to the authorities inexpedient and unnecessary. These rules, in substance, require that the motion for new trial show that the evidence has come to the knowledge of the accused since the trial and that the failure to sooner discover it was not due to his want of diligence. Burns v. State, 12 Texas Crim. App. 269 and other cases in Vernon's Texas Crim. Statutes, Vol. 2, p. 777. For this court to review the action of the trial judge in denying the motion for new trial, upon the ground of such newly discovered evidence, it is essential that an abuse of his discretion be shown. Shaw v. State, 27 Texas Crim. App. 705, and other cases listed in Vernon's Texas Crim. Statutes, Vol. 2, p. 778. To determine the materiality of the newly discovered evidence, an acquaintance with the facts which were before the court would obviously be necessary. The facts, that is, the evidence developed upon the trial, are not legally before us. Such statement of them as we have made is from the document filed and denominated as a statement of facts, but it consists of the reproduction of the stenographer's notes in question-and-answer form. The law requires that it be in narrative form. This has been declared in numerous instances. Ferguson v. State, 83 Texas Crim. Rep. 273; Mooney v. State, 73 Texas Crim. Rep. 122; Felder v. State, 59 Texas Crim. Rep. 144; Hargrave v. State, 53 Texas Crim. Rep. 147; Fox v. State, 53 Texas Crim. Rep. 150.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*