JACK SMITH v. THE STATE.

No. 9084.   Delivered May 20, 1925.

**1.—Possessing Intoxicating Liquor—Bills of Exceptions—Qualifications Of—Practice.**

This court will not consider a motion filed here to strike out the trial court's qualifications to his bills of exceptions. If he is not satisfied with the court's qualifications he can refuse to accept the bills as qualified in which event the trial court should prepare a bill of his own, or to resort to a by-stander's bill, or have his objections to the court's qualifications verified, and his bill will be considered as originally prepared. See Thomas v. State, 83 Tex. Cr., 325.

**2.—Same—Jury—Challenge to Array—Properly Overruled.**

Where appellant, due solely to his own conduct had caused the jury for the week to be discharged he will not be heard to complain at being forced to trial before a jury summoned by the sheriff.

**3.—Same—Statement of Facts—Question and Answer Form—Not Considered.**

Our statutes prescribe how a statement of facts must be prepared, and has been so many times followed in decisions by this court, holding that we will not consider a statement of facts in question and answer form, that it seems to us that attorneys should no longer fail to comply with its provisions.

Appeal from the District Court of Lamar County.   Tried below before the Hon. Ben H. Denton, Judge.

Appeal from a conviction for possession of intoxicating liquor for purposes of sale; penalty, two years in the penitentiary.

The opinion states the case.

*Patrick & Eubank, Grady & Sturgeon,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Lamar County for the offense of possessing intoxicating liquor, for the purpose of sale, and his punishment was assessed at confinement in the penitentiary for a term of two years.

The statement of facts in the case is in question and answer form and same will not be considered.

Appellant has filed in this court a motion to strike from his bills of exception certain qualifications and explanations made thereto by the judge who tried the case. This motion raises issues of fact between the court's explanation of the bills of exception and the averments of the motion. We have no way of determining these

questions of fact. His remedy where he is not satisfied with the qualification placed on his bill by the trial court is to refuse to accept the bills as qualified and in that event, the trial court should prepare a bill of his own. If appellant is dissatisfied with the bill as thus prepared, he then has the right to resort to by-standers to prove his bill. If the trial judge insists on qualifying the bills, appellant may have his objections thereto verified, and his bills will be considered as originally prepared. Thomas v. State, 83 Texas Crim. Rep. 325. If this does not furnish to appellant every right to which he is entitled, then his resort would be to the legislative branch of the government. This court is without power to add to or take from statutory laws that are clear, unequivocal and constitutional.

The only bill contained in the record which we can intelligently determine is the one pertaining to the challenge of the jury panel. The order overruling this challenge states facts which makes it clearly appear that the reason the regular jury for the week was discharged and the appellant forced to trial before a jury summoned by the sheriff, was due solely to the conduct of the appellant himself. It is well settled principle of law that a party cannot benefit from his own wrong and this rule is applicable in this case.

We have carefully examined the record and regret that appellant has been deprived of his statement of facts, but we only respond to a statutory prohibition when we refuse to consider a statement of facts in question and answer form. This statute has been in force for so long in Texas as to make it seem impossible that parties would any longer fail to comply with its provisions.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.