## M. F. SHURBET V. THE STATE.

No. 15923.  Delivered May 3, 1933.
Rehearing Granted May 24, 1933.
Reported in 60 S. W. (2d) 791.

The opinion states the case.

*A. B. Crane,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $25.

An inspection of the record shows that the statement of facts in this case is in question and answer form, which is forbidden by the terms of article 760, C. C. P., hence the state-

ment of facts cannot be considered. Choate v. State, 59 Texas Crim. Rep., 266; Huey v. State, 90 Texas Crim. Rep., 400; Johnson v. State, 91 Texas Crim. Rep., 441; King v. State, 95 Texas Crim. Rep., 93; Smith v. State, 100 Texas Crim. Rep., 234.

There are a number of bills of exception in the record, but in the absence of a statement of facts it is impossible for this court to appraise the complaints attempted to be thus brought forward.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The complaint upon which the information is based, including the jurat, is as follows:
"THE STATE OF TEXAS,

    vs. No. 459

M. F. SHURBET.

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"I, Doris Ames Shurbet, do solemnly swear that I have reason to believe, and do believe, that on or about the 19th day of January, A. D., One Thousand Nine Hundred and Thirty-Three, and before making and filing of this complaint, in the County of Willacy, and State of Texas, M. F. Shurbet did then and there unlawfully commit an aggravated assault in and upon Doris Ames Shurbet, by striking her with his fist; the said M. F. Shurbet then and there being an adult male, and the said Doris Ames Shurbet then and there being a female.

                "Doris Ames Shurbet, Affiant.

"Sworn to and subscribed by Doris Ames Shurbet a credible person, before me, this the 21st day of January, A. D., One Thousand Nine Hundred and Thirty-three.

                "R. S. Dorsett,

                "Willacy County, Texas."

We note that the affidavit does not purport to have been sworn to before any officer or person authorized by law to take an affidavit. The necessity for the jurat showing that the oath to the complaint was sworn to before an authorized officer of the law is made imperative by statute, article 415, C. C. P., 1925. See Vernon's Ann. Tex. C. C. P., vol. 1, p. 313; Stacy v. State, 96 Texas Crim. Rep., 499; Harrington v. State, 32 S. W. (2d) 837. The matter was not called to our attention upon the original hearing. The information is not operative unless supported by a complaint verified in accord with the statute.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment is reversed and the prosecution ordered dismissed.

*Reversed, and prosecution ordered dismissed.*