## J. C. STEVENS V. THE STATE.

No. 19704.   Delivered May 4, 1938.

The opinion states the case.

*O. H. Woodrow,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in dry area; punishment, confinement in the county jail for a period of thirty days.

The complaint, upon which the information is based, appears to have been made by Luther McCollum and sworn to by him before one T. J. Vaughan. Whether Vaughan was an officer authorized by law to take affidavits or was merely a private citizen with no such authority is not shown, as there is no jurat to the complaint. The necessity for the jurat showing that the oath to the complaint was sworn to before an officer authorized under the law to take an affidavit is necessary under Article 415, C. C. P. See also Shurbet v. State, 60 S. W. (2d) 791, and authorities there cited.

By proper bills of exceptions, appellant also complains of the testimony of the officers as to what they found in his car by a search thereof without a search warrant or warrant of

arrest. It appears that the appellant had committed no felony or breach of the peace, nor had they seen him transport any whisky. He was traveling peacefully upon the highway towards his home when the officers stopped him without legal authority and searched his car. The officers had stopped many cars to search for an escaped convict. It is clearly made to appear that the officers knew of no offense that appellant had committed when they detained him without a warrant and searched his car. Hence, the search of appellant's car was illegal and the whisky discovered as a result of the search was not admissible against him. See Article 727a, C. C. P.; Gill v. State, decided by this Court on April 20, but not yet reported. [Page 363 of this volume.]

Due to the disposition we are making of this case, we do not deem it necessary to discuss other matters complained of by the appellant.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.