JIM NEELY V. THE STATE.

No. 22049. Delivered April 1, 1942.
Rehearing Granted April 22, 1942.

The opinion states the case.

*Ennis C. Favors,* of Pampa, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for driving an automobile upon a public highway while under the influence of intoxicating liquor. The penalty assessed is a fine of $200.00.

The record is before us without bills of exception or statement of facts. In the absence of a statement of facts, we are unable to appraise the objections addressed to the charge of the court.

No error having been presented by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

·BEAUCHAMP, Judge.

This case was submitted without the benefit of brief or oral argument, without statement of facts and with a bill of exception which could not be appraised in the absence of statement of facts. On motion for rehearing, however, our attention has been called for the first time to a defect in the complaint, the jurat to which reads as follows:

"Sworn to and subscribed by J. B. Wilkinson, a credible person, before me, on this the ____ day of August, A. D. One Thousand Nine Hundred and Forty-one.
                                    "Joe Gordon
                                    "Gray County, Texas."

The defect is perfectly apparent. The jurat should have shown the official capacity of the party taking the affidavit and also show its date. The exact question was before this court in Shurbet v. State, 60 S. W. (2d) 791, which holding is here followed. See also Stanley v. State, 158 S. W. (2d) 785; Branch's Ann. P. C. Sec. 480, and authorities there discussed.

The motion for rehearing is granted, the judgment of the trial court is reversed, and the cause remanded.