GILLUM v. STATE.    (No. 5023.)

(Court of Criminal Appeals of Texas.    May 15, 1918.    Rehearing Denied June 12, 1918.)

1. HOMICIDE ⬅230—ASSAULT TO MURDER—EVIDENCE—SUFFICIENCY.

In prosecution for shooting at another, evidence *held* sufficient to warrant conclusion that defendant intended to kill so as to justify verdict of guilty of assault to murder.

2. ASSAULT AND BATTERY ⬅96(1)—FAILURE TO SUBMIT ISSUES NOT INVOLVED.

In a prosecution for shooting at another with a shotgun, simple assault was not involved, and failure to submit it as an issue was not error.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Pearly Gillum was convicted of assault to murder, and appeals. Affirmed.

Johnson, Matthaei & Thompson, of Bellville, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for assault to murder, the punishment being assessed at three years' confinement in the penitentiary.

Appellant shot Dave Williams, his father-in-law. Appellant's wife had left him and gone to her father's home, where she had been for some time. He visited the place occasionally, seeking to induce his wife to return, but she had declined. Otherwise matters had been going on peaceably between the parties up to the night of this shooting. Appellant went to Williams' house on this particular night and carried a loaded shotgun. He went in the house and was talking to his wife seeking to induce her to return. However, she would not so agree. Williams told him not to raise any disturbance in the house; while the girl was his wife, he did not want any row in his house; that they must get outside in the road or away from the house if they wanted to have trouble. Appellant left the room and went outside the house. Williams remarked, after appellant went out, that he was a good, hard-working boy, but squandered his money, and some of the testimony goes to show that Williams said appellant squandered it on other women. Appellant, on the outside, overheard this remark and said it "was a damn lie," or "a God

damn lie." Williams stepped to the door, and while standing in it asked appellant what he meant by using such language, and appellant fired both barrels of a shotgun at him, striking him in the thigh and leg below the knee. The shot were supposed to be No. 6, or what the witnesses called "squirrel" or "bird" shot. The distance was estimated at about 30 or 40 yards; appellant said it was about 60 yards. He admits the shooting, but denied his intent to kill. His version of it was that when Williams stepped to the door he had in his hands a shot gun and snapped it at him, and he then shot. The state's evidence is to the effect that after Williams was shot he stepped back and got his gun and stepped to the door and snapped the gun twice, but it failed to fire, and upon investigating the gun it was discovered the cartridges had been taken from it. Williams had other cartridges about the house, but they could not be found. They seem to have been the same size shot that appellant used. The state asked questions looking to the fact that appellant may have taken these cartridges, but that is more a theory than a fact.

[1, 2] It is conceded that this does not make out a case of assault to murder. The court submitted the issue as well of aggravated assault. Appellant urges error because the court failed to charge upon simple assault, and also refused to give his special charge submitting the issue of simple assault. We are of opinion the issue of simple assault was not in the case. On the facts the jury was properly instructed with reference to aggravated assault and assault with intent to murder, and the evidence was of a nature that might have justified the jury to believe either that it was asault to murder or aggravated assault. In Hatton v. State, 31 Tex. Cr. R. 586, 21 S. W. 679, these issues were pretty fully discussed by Judge Hurt, which case has been followed. In the Hatton Case the assault was committed with a shotgun. The accused in that case was standing about 40 yards from Johnson, the assaulted party. The shot used were No. 8. This extract is made from that opinion:

"If a deadly weapon is used in a deadly manner, the inference is almost conclusive that he intended to kill; on the other hand, if the weapon was not a dangerous one, or was not used in a deadly manner, the intention must be established by other facts. But it would be a monstrous doctrine to hold that, because in fact the accused did not have the ability to kill, therefore he did not intend to kill. A. attempts to rape B., but fails, because physically unable to accomplish his purpose. A. shoots at B. with intent to kill. He fails because his gun was not true to the mark, or because his shot were not large enough to effect his purpose. To this doctrine we cannot assent."

In this case, from the state's standpoint, appellant fired both barrels of his gun at his father-in-law at from 30 to 40 yards. Under appellant's contention he only fired one shot from a distance of 50 to 60 yards. The intent will be gathered from the facts, and there is sufficient evidence on this question to justify the jury to reach the conclusion that his purpose was to kill. He may have made a bad shot, as Judge Hurt says, but the shots were fired and quite a number of them found embedded in different parts of the house, evidently passing through the open door into the house. There were other people in the room at the time.

We think the facts are sufficient, and the jury was authorized under the evidence to convict of assault to murder or aggravated assault. We do not feel justified in disturbing their finding, and the judgment will be affirmed.