George Hatton v. The State.

*No. 164. Decided March 18.*

**Assault with Intent to Murder — Presumption of Intent from Weapon and its Manner of Use.**—On a trial for assault with intent to murder, the means used by the accused may be looked to for the purpose of determining his intent. If a deadly weapon is used in a deadly manner, the inference is almost conclusive that he intended to kill. If the weapon be not dangerous, or be not used in a deadly manner, then the intention must be established by other facts.

APPEAL from the District Court of Cass. Tried below before Hon. J. L. Sheppard.

Appeal from a judgment of conviction for assault with intent to murder, wherein the punishment was assessed at two years confinement in the penitentiary.

The facts are sufficiently stated in the opinion.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Appellant was convicted of an assault with intent to murder one William Johnson. Appellant reserved no bill of exceptions to the action of the court in regard to any rulings thereof. We gather from the requested instructions, which were refused, and matter contained in the motion for a new trial, that the contention of appellant is, that there was no assault to murder, because of the distance between the parties and the size of the shot used. The assault was committed with a shot gun, appellant standing about forty yards from Johnson. The gun was charged with No. 8 shot. Johnson was standing near a plank fence, and some of the shot buried themselves "out of sight" in the plank.

Appellant was within such distance of Johnson as to make it within his power to commit a battery; that is, strike him with the means used, viz., the shot. The evidence shows conclusively, that whether the shot used were sufficiently large to take the life of Johnson, appellant greatly desired and intended to do so. When in a case the question arises as to

whether the accused intended to kill, the means used by him may be looked to. If a deadly weapon is used in a deadly manner, the inference is almost conclusive that he intended to kill; on the other hand, if the weapon was not a dangerous one, or was not used in a deadly manner, the intention must be established by other facts. But it would be a monstrous doctrine to hold, that because in fact the accused did not have the ability to kill, therefore he did not intend to kill. A attempts to rape B, but fails, because physically unable to accomplish his purpose. A shoots at B with intent to kill. He fails because his gun was not true to the mark, or because his shot were not large enough to effect his purpose. To this doctrine we can not assent. We are of opinion that the contention of appellant is erroneous, and that he is guilty of an assault to kill and murder.

*Affirmed.*

Simkins, J., absent.