Richard Viser v. The State.

No. 8293.   Decided April 30, 1924.

Rehearing denied October 31, 1924.

**Sale of Intoxicating Liquor—Motion for Continuance—No Diligence Shown.**

Unless diligence to secure the attendance of his witness, or good cause for not using such diligence is shown, motion for continuance is properly denied.

Appeal from the County Court of Jefferson County.   Tried below before the Hon. A. W. Dyars, Judge.

*Howth & O'Fiel, Rose & Johnson,* and *Lamar Hart,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The State's witness Elliott testified that he bought a bottle of whisky from the appellant and paid him therefor.   The witness was a pardoned convict.   Appellant testified and denied making the whisky. He also claimed that he bought whisky from the State's witness.

The indictment against the appellant was returned on June 6, 1923, He was arrested upon the same day.   On June 9th, he applied for a subpoena for several witnesses, and upon the calling of his case on the 15th day of June, he advised the court that his witnesses had not been summoned and that no subpoenas had been returned.   He had been confined in jail since his arrest and had been unable to employ an attorney.   There was no written application for a con-

tinuance, and the verbal application was obviously not in compliance with the statute.

In his motion for new trial, the failure to continue is complained of, and it is asserted that two witnesses, namely, Wilbanks and Renfroe, if present, would have testified that on the 15th day of May, they saw the appellant and K. A. Tigert purchase some whisky from the State's witness Elliott; that this information came to the appellant subsequent to the trial and was not previously known; that the witnesses were temporarily out of the county and their whereabouts unknown. In overruling the motion for new trial, the learned trial court, in our judgment, did not abuse his discretion.

The judgment is affirmed.

*Affirmed.*