JAMES THORNTON V. THE STATE.

No. 22390. Delivered February 10, 1943.
Rehearing Denied March 17, 1943.

The opinion states the case.

*W. R. Smith, Jr.,* and *Earl Shelton,* both of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with an assault with intent to murder upon Willie Mae Slider, and upon conviction by the jury he was given a term of five years in the State prison.

It appears from the evidence that appellant and the complaining witness had been living together. That the prosecutrix had refused to longer live with appellant. Both parties are negroes, Willie Mae working for Mr. Perkins as cook and servant. On the morning of the alleged assault Willie Mae was in the kitchen of Mr. Perkins attending to her duties when appellant appeared at the back door of the Perkins home and demanded to know of Willie Mae whether she intended to return and live with him. He tried to get in the house at the back door but it was locked, and she told him if he tried to come in she would call the law. Upon being told that she would not live with him, he said: "All right; if you don't have me, you won't have anyone else." Appellant then left the back door, going around the house, and bursted in the front door, which was also locked, and on through another locked door, splitting the door open, and, grabbing Willie Mae, he stabbed and cut her three times in the back. She got loose from appellant and ran across the street screaming, and appellant fled. Willie Mae was then taken to a hospital, and Mr. Perkins and Deputy Sheriff Bays then went in pursuit of appellant, whom they soon located, running from them; after being called on to halt, and disregard-

ing such call, the deputy sheriff fired some shots, and appellant finally laid down and waited for the officer, who, upon his approach, demanded the knife from appellant, who gave the officer a knife with a blade of about three inches in length and seven inches in total length, same having blood on the blade thereof.

There are no bills of exception found in the record, the appellant centering his contention on the proposition that the facts themselves do not show an assault with intent to murder, but at most merely show an aggravated assault. The statement of the appellant heretofore herein set forth doubtless had some weight with the jury as to the intent with which he acted, as well as the ferocity of the attack. The breaking open of two doors of the Perkins home also was in evidence, and the doctor's testimony that the wound in the back "could have been a very serious wound. It is possible that the wound inflicted upon her would likely have produced death if she hadn't had medical attention," also doubtless had some weight with the jury. The doctor's testimony shows that one of the wounds cut an artery; it took a good deal of packing to fill the wound; he did not probe it; such was not the approved method; the wound was hemorrhaging; it was such that would possibly be fatal, but probably not if properly attended to. He did not know how long she had been bleeding, but she was bleeding rather profusely, and he was sure an artery was open, although he did not pick up the artery; he packed the wound full of antiseptic and finally stopped the bleeding. It was possible that the wound inflicted upon the complaining witness would likely have produced death if she had not had prompt attention.

From the remarks made to Willie Mae Slider when first accosted by appellant, as well as other circumstances of the assault, evidently the jury based their verdict of an intent to kill. We have recently held in the case of Ammann v. State, 165 S. W. (2d) 744, as follows:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P. C., Vernon's Ann. P. C. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the in-

strument used was not a deadly weapon. Branch's P. C., Sec. 1636; Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 802, 1016; Basquez v. State, 114 Tex. Cr. R. 602, 26 S. W. (2d) 206; Rose v. State, 123 Tex. Cr. R. 261, 58 S. W. (2d) 526.

"The mere fact that an accused does not have the ability to kill does not necessarily show a lack of intent to kill. Hatton v. State, 31 Tex. Cr. R. 586, 21 S. W. 679."

And we will also add thereto that the mere fact that he failed to kill does not show an absence of such an intent to kill, especially in view of the presence of other testimony in the case.

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing reviews the evidence of Dr. Bryson and challenges the conclusion reached in the original opinion.

After considering the arguments and re-reading the testimony of Dr. Bryson, we are of the opinion that it justifies the statements in the original opinion and the conclusion thereon.

The motion for rehearing is overruled.