## D. C. KINCAID V. THE STATE.

No. 23500.  Delivered December 4, 1946.
Rehearing Denied January 29, 1947.

*J. T. Kelley* and *Leo C. Brady,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. B. Duggan* and

*E. T. Branch,* Assistant Criminal Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of an assault with intent to murder with malice aforethought. The punishment assessed is confinement in the State penitentiary for a term of two years.

There are no bills of exception complaining of the admission or rejection of any evidence or any objection to the court's charge. Appellant's only contention is that the evidence is insufficient to sustain his conviction. The solution to this question depends upon the evidence adduced upon the trial.

The record reflects that on the afternoon of the 22nd day of December, 1945, appellant created quite a disturbance at his home, terrifying his wife and children and causing them to leave home. They were taken in by friendly neighbors. The officers were notified of appellant's conduct and they proceeded to the home of appellant, who was cursing and swearing and threatening to kill any officer who attempted to invade his premises. Thereupon, one of the officers took Mrs. Kincaid to a justice of the peace with the purpose of obtaining a warrant of arrest, while the other two officers remained on the adjoining premises. While they were in an adjoining yard, appellant, with a shot gun in hand, walked up and down in the driveway of his yard, cursing the officers. He finally shot at Mr. Chambers, one of the officers, but missed him, the shot striking a tree nearby. The officers then sought shelter behind trees until the other officer returned with a warrant of arrest. In the meantime, appellant had laid down his gun and walked out in the street, where he was arrested and taken to jail. He did not testify or offer an affirmative defense. He contends, however, that there is not any evidence from which it may reasonably be inferred that, at the time he fired the gun, he had the specific intent to kill.

The intent to kill is a question of fact to be determined by the jury from all the facts and circumstances in evidence. The intent is hardly ever provable by direct testimony, but is to be inferred from acts, words, and conduct of the party accused. In the instant case, appellant made the assault upon an officer with a deadly weapon, from which, in the absence of any evidence which would excuse or justify his act, an inference arises that he intended to kill. Here, no excuse or justification on the

part of appellant is shown. Of course, he fired only one shot but what he had in his mind at the very time he fired the shot was a question of fact for the jury. The fact that he did not hit the officer may have been due to his drunken condition or to bad marksmanship and subsequently he may have abandoned his intent to kill. However, the subsequent abandonment of his intent would not make the assault any the less an assault with intent to murder.

In the case of Wood v. State, 11 S. W. 449, 27 Tex. Cr. App. 393, (404), this court—speaking through Judge White—said:

"If a party intending to commit murder used a deadly weapon in such a manner as that his intent is apparent, or may be fairly inferred from the acts he cannot, by abandoning any further attempt at violence, lessen the effect of his previous acts and intentions, because they have already become accomplished facts. His crime has already been committed; he cannot abandon what he has already done."

See, also, Hatton v. State, 31 Tex. Cr. R. 586, 21 S. W. 679; Watts v. State, 30 Tex. Cr. App. 533, 17 S. W. 1092; Thornton v. State, 145 Tex. Cr. R. 490, 169 S. W. (2d) 177.

Having reached the conclusion that there was sufficient evidence as a basis for the jury's conclusion that at the time appellant shot at the officer he had the intent to kill, we would not, under the facts, be authorized to set aside the verdict of the jury. Therefore, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing presents no new question and, though agreeing with the law announced in the original opinion, strenuously differs with the court's idea of its application in the instant case. In turn, the writer agrees with the statement of law in appellant's motion for rehearing, but finds no evidence that would justify the application of such principles in the case now before us. The test of an assault with intent to murder is whether or not the accused would be guilty of murder with malice had death resulted. Under the facts of the case now

before us, as sufficiently stated in the original opinion, there is no question in our minds but that the jury would have been warranted in finding appellant guilty of murder with malice had death resulted from the shot which he fired.

Wood v. State, 11 S. W. 449, will not aid the contention of appellant. There is nothing in this case to preclude the jury from finding, under all of the facts and circumstances, that appellant had the intention to. kill. The officers were not unlawfully invading his premises. He was creating a disturbance that would have justified his arrest without warrant. Nevertheless, they took the precaution to secure a warrant, and while one officer was gone to a magistrate for that purpose appellant, incensed by the remaining officers in a neighbor's yard, fired upon them with a gun, a deadly weapon, without any provocation on their part. He did not testify in the case and offered no explanation of his conduct. He fired only one shot, it is true. So far as we know from the record he might have had only one load in his gun, or the gun might have jammed by his excited handling of it, or, as stated in the original opinion, he might have changed his mind and decided not to kill the officers.

Apparently reliance is had on the fact that he was drinking and that this precluded any intention on his part to kill. Drunkenness is not available as a defense to a charge for assault to murder. McCall v. State, 117 S. W. (2d) 794; Forbes v. State, 157 S. W. (2d) 900.

We believe that the authorities without conflict support the conclusion in the original opinion. The motion for rehearing is, therefore, overruled.