OCTAVIO SANDOVAL, GUSTAVO ESQUIVEL, AND ALDEGUNDO MARTINEZ v. STATE.

No. 23871. Delivered January 21, 1948.
Rehearing Denied February 25, 1948.

*Arthur C. Gonzales,* of Del Rio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellants were separately indicted but on motion of each and all of the defendants, with the consent of the district attorney, the cases were consolidated and they were tried jointly.

Florentina Faz, being the first witness for the State, testified in substance as follows: that on the 11th day of March, 1947, appellants placed her in an automobile and drove out into the country about eight miles where each of the defendants had sexual intercourse with her and then they brought her back to town; that at the time she was not quite 14 years of age; that she would be 14 years of age on the 20th day of June; that she was not the wife of any of the defendants.

Munica Faz, mother of the injured party, testified that Florentina was 13 years of age and would be 14 years old on June 20th. 1947.

After the appellants were arrested, each made a voluntary confession admitting his guilt to the county attorney of Val Verde County after being duly warned by said officer in the

manner and form prescribed by law. The confession of each coincides in all material respects with the testimony of the prosecutrix; however, each of the defendants entered a plea of not guilty and filed a plea for suspension of sentence in the event of conviction. The jury declined to recommend a suspension of sentence.

Appellants complain of the action of the trial court in overruling their motion for a new trial based on the following grounds: (a) Newly discovered evidence to the effect that they learned after the jury had retired to consider their verdict that prosecutrix had been examined by Dr. Graham a day or two subsequent to the commission of the alleged offense; that as a result of his examination of her he concluded that she had previously had sexual intercourse with men; that they immediately sought to get in touch with the doctor but were informed that he was confined to a clinic and was unable to discuss any business matters, nor what he had discovered as the result of his examination of prosecutrix, but that they were informed and believed that he would testify upon another trial as claimed by them. (b) That E. A. Davis, one of the jurors who sat in the case, on his voir dire examination stated that he had no prejudice against the application of the suspended sentence when in fact he did have and thereby misled appellants. (c) That after the jurors had decided upon the guilt of the defendants and had agreed on the punishment to be assessed against each of them (a term of five years), they then discussed whether or not to recommend the suspension of sentence; that three of the jurors, including Mr. Davis, were opposed to recommending a suspension of sentence and as a reason therefor they argued that if the sentence was suspended appellants might go to some beet field out of the jurisdiction of this state and do the same thing again; that the jury had to take care of society and had to make an example of the boys. On a hearing of the motion, the court heard evidence and upon the conclusion thereof overruled the motion to which appellants excepted. Ordinarily the granting or refusing of a motion for a new trial rests largely within the sound discretion of the court and unless the court abused his discretion with respect thereto no reversible error is shown. See Lewis v. State, 82 Tex. Cr. R. 285; Johnson v. State, 91 Tex. Cr. R. 441; Viser v. State, 98 Tex. Cr. R. 201. Also Art. 753, Note 28, Vernon's Ann. C. C. P.

Touching the question of newly discovered evidence, it is apparent that if the doctor had been present and had testified as contended for by appellants, it would have been of no avail

to them since the injured female was under 15 years of age. See Art. 1183, Vernon's Ann. P. C. Also Clardy v. State, 66 Tex. Cr. R. 351.

That Davis was opposed to the application of the suspended sentence law and mislead appellants is denied by Mr. Davis, and appellants failed to produce any evidence in support of their contention.

The discussion by the jurors as set forth in the motion was not improper. It was such as the district attorney might have employed in his argument to the jury and we see no reason why the jurors should be prohibited from doing so.

Finding no error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellants insist that the jury was guilty of misconduct, which thereby warranted a new trial, and that we erred in reaching a contrary conclusion.

Giving to the facts touching the question the most favorable construction possible from appellants' standpoint, the follownig appears:

The prosecutrix, a thirteen-year-old female, testified to acts of sexual intercourse with the appellants without her consent.

The written confession of each of the appellants admitted the act of intercourse with the female, with her consent, for which each paid her a dollar. The appellants did not testify in their own behalf.

The admission of guilt contained in the confession showed each of the appellants guilty of the offense of statutory rape, which was the offense submitted by the trial court. Consequently, when the jury retired to deliberate upon the case, the conclusion of guilt was soon reached. This left for the jury's determination the amount of punishment and the suspension of sentence.

As to the question of suspended sentence, the jury stood nine in favor of and three against.

While deliberating upon this question it appears that some member or members of the jury—they are not specifically designated—stated to the jurors, in effect, (a) that they had to make an example of those boys, that if they were turned loose they would go to some beet field and out of the jurisdiction of this State and do a similar thing all over again, and (b) that the jury had to take care of society, and that if defendants were turned loose they would probably repeat the offense of rape.

After this discussion the jurors agreed that the sentence should not be suspended and fixed the punishment of each of appellants at five years in the penitentiary, which is the minimum punishment authorized to be fixed for the crime of rape.

If the statements above set forth were proper and legitimate deductions to be made and drawn by the jury, then appellants have not been injured; if not, then a new trial should have been awarded, because nine of the jurors changed their views from favorable to unfavorable after the statements were made. Art. 753, Sec. 8, C. C. P. provides that a new trial should be granted "Where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial." For such statute to apply, two things must occur: (a) The jury must be guilty of misconduct, and (b) that misconduct must be such as deprived the accused of a fair and impartial trial. The term "misconduct," as there used, is not defined in the statute. It therefore is used in the sense commonly understood. If what the jurors did or said was authorized, there was no misconduct.

In the early case of Jack v. State, 20 Tex. App. 656, at p. 661 it was said:

"It seems to us that it would be a dangerous and exceedingly pernicious practice for the courts to permit the sanctity of the jury room to be invaded, and jurors to be interrogated as to the arguments used in their deliberations, and the influence of such arguments upon their minds, and the reasons and considerations upon which their verdicts were based. * * * If it were permitted to attack and set aside a verdict because of arguments and reasons advanced and urged by jurors in their deliberations thereon, it would destroy free discussion and interchange of opinions among jurors. It would open the door to a searching inquiry in relation to every act and word which transpired in the jury room, and would subject each individual juror to be placed upon trial before the court to answer for the soundness and propriety of the opinions expressed by him in the jury room.

"There is no warrant in law for such a practice."

See: 42 Tex. Jur., p. 426, Sec. 336; Garza v. State, 121 Tex. Cr. R. 321, 50 S. W. (2d) 322; Todd v. State, 93 Tex. Cr. R. 553, 248 S. W. 695-703.

The rule stated in the above cases has been accepted and followed, resulting in the general rule that a jury will not be permitted to impeach or explain its verdict by showing the reason for the conclusion reached.

These rules are deemed applicable and controlling the question before us. Here, the jurors were bound to have known that if the suspended sentence was granted, the appellants would be at liberty and without the control of the courts and, while at liberty, could commit like or other crimes. Certainly, then, it was within the limits of proper discussion to take these facts into consideration in determining the question of the suspension of sentence. Equally within the limits of proper discussion was the reference to the protection of society.

It must be remembered that the prime object of punishment is to suppress crime, thereby protecting society and reforming the offender. Art. 2, P. C.

The conclusion is reached that the discussion in the jury room of which appellants complain was within the jury's province, and therefore authorized.

The motion for rehearing is overruled.

Opinion approved by the Court.