LEONARD KILLINGSWORTH V. STATE.

No. 24563. January 4, 1950.
Rehearing Denied February 22, 1950.

*E. B. Duggan, John P. Spiller,* and *Spurgeon E. Bell* (on appeal only) Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney and *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of an assault with intent to murder with malice and assessed a term of ten years in the penitentiary, and he appeals.

On the occasion in question (June 20, 1948) there were a number of horse races run at the Archer Ranch in Harris County. There was racing, gambling and drinking, and the usual differences between the participants therein seemed to have arisen. Appellant and a man named Howell had a disagreement of some kind early in the afternoon. It also seems that later on one, Sam McGregor, had a disagreement with one, Buster Jones, a friend of W. W. Long, the injured party. McGregor was stopped by Long while attempting to draw two pistols on Jones. Long then pointed a rifle at McGregor who claimed to be "crazy drunk" at such time. McGregor's two pistols were taken from him and placed in Jones' car wherein Long was seated. Sometimes thereafter Long and some ladies purchased some barbecue meat and were eating sandwiches made therefrom and were standing in front of the Jones' car when about 9:00 o'clock at night a car drove up; that appellant came therefrom with a gun in his hand and after some words, he shot Mr. Long, who was wounded so severely that it was necessary to amputate his leg just above the knee. Mr. Long had one of the McGregor pistols in his belt, and some of the defense wit-

nesses testified that a rifle was lying near him after he was shot down.

There are only two questions presented for review.

Bill of Exceptions No. 1 complains of the form of the verdict, claiming to be no legal verdict. Prior to its correction, it read as follows:

"Guilty with Malice Aforethought. Ten Years Sentence. Jury Foreman, Fred Parks."

This verdict was handed to the trial judge who, evidently because of its informality, corrected the same in the presence of the jury, and in its corrected form, he read the same to the jury who then assented thereto, the corrected reading thereof being as follows:

"We, the jury, find the Defendant guilty of assault with intent to murder with malice aforethought and assess his punishment at 10 years sentence in the penitentiary.

"Jury Foreman Fred Parks."

It appears from the trial court's qualification to the bill that at the time of the correction of such verdict no objection was made to his action in correcting the informalities, and no exception was reserved thereto. It also seems from such qualification that the jury returned into open court the informal verdict and such being handed to the trial judge, he called the attention of the jury to its informality and with their consent he reduced the verdict to the proper form. Same was then read to the jury and they assented to such reformed verdict, and same was received, read and filed as their verdict in their presence, and no objection thereto was made until the motion for a new trial was thereafter filed therein.

We think the exception to such proceedings came too late. Again, we are inclined to the belief that the original form of such verdict was sufficiently explicit so that there appears no difficulty in arriving at what the jury meant and their intention therein. See 12 Texas Digest, p. 1006, Criminal Law, key note 881 (2), and cases there cited; also Hensley v. State, 153 Tex. Cr. Rep. 616, 224 S. W. (2d) 245.

Bill of Exceptions No. 2 seems to be concerned with the fact that the trial court overruled appellant's motion for a new

trial. In such motion, however, appellant set forth an affidavit of one of the jurors relative to certain procedure during their deliberations as to their verdict. This affidavit was not introduced in evidence at the hearing of such motion, but was merely incorporated therein. It should have been introduced in evidence upon such hearing and the court given an opportunity to hear evidence thereon. See Lopez v. State, 97 Tex. Cr. R. 373, 261 S. W. 579. Again, we think the testimony, if offered, would have been an attempt upon the part of the juror to impeach his own verdict by giving his reasons why he agreed to such verdict and was an attempt to stultify his verdict by showing why he agreed thereto. See Morgan v. State, 121 Tex. Cr. R. 424, 49 S. W. (2d) 788; Canedo v. State, 134 Tex. Cr. R. 80, 113 S. W. (2d) 902; Sandoval v. State, 151 Tex. Cr. R. 430, 209 S. W. (2d) 188.

We think the testimony in the present instance is sufficient to show an attack upon Mr. Long with a deadly weapon with surrounding circumstances shown to indicate an assault with intent to murder with malice. Appellant's actions prior to the assault, and his act of arming himself and returning to the scene of the difficulty evidently had great weight with the jury in determining the grade of the offense. The failure to fire any additional shots after the wounding of Mr. Long is offered by appellant to show a lack of malice and intent to kill. If such could be called an abandonment of his purpose to kill, same would not be a defense from the earlier fired shot that caused the loss of Mr. Long's limb. See Watts v. State, 30 Tex. App. 533, 17 S. W. 1092; Hatton v. State, 31 Tex. Cr. R. 586, 21 S. W. 679; Kincaid v. State, 150 Tex. Cr. R. 45, 198 S. W. (2d) 899; Thornton v. State, 145 Tex. Cr. R. 490, 169 S. W. (2d) 177.

No error appearing, the judgment will be affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant files a formal motion for rehearing, insisting that we erred in reaching the conclusions expressed in our original opinion.

We have again examined the record in the light of such contention, and remain convinced that reversible error is not reflected.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.