FERRIS LEAMON STOKES V. STATE

No. 29,120. June 26, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 30, 1957.

*John P. Spiller* and *Bill M. Dickson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Benjamin Woodall,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for statutory rape; the punishment, confinement in the penitentiary for 20 years.

The indictment charges the rape of the prosecutrix, a female under the age of 15 years, on or about the 7th day of June, 1956.

The state's testimony shows that the prosecutrix was 13 years of age at the time of trial; appellant was her step-father, her mother having married appellant in the year 1950, since which time they had resided in various places in Texas and other states.

Prosecutrix testified that appellant had numerous acts of intercourse with her beginning about three years prior to the trial and that the last act occurred in the first part of June, 1956, in their home in the city of Houston. She testified that on the first act of intercourse appellant told her never to tell any-

one; that she was afraid of him and that the first time she did tell anyone was on July 19, 1956, when she told her mother on an occasion when she was explaining to her mother why she did not want to go with appellant on a trip to Mexico.

The testimony further shows that the prosecutrix was immediately taken to Dr. James Albert Brown for an examination who testified that his examination of the prosecutrix revealed that the hymen had been torn, that the vagina had the appearance of that of a married woman and that such condition could have been caused by repeated acts of intercourse with an adult male.

Mrs. June O'Quinn, the mother of prosecutrix, testified that after she had filed charges against appellant, separated from and divorced him and after the case had been set for trial, appellant called by telephone and offered her $500 if she would leave the state and take the prosecutrix with her so she could not testify against him and that later in another conversation admitted his guilt to her.

As a witness in his own behalf, appellant denied that he had ever had any sexual or improper relations with the prosecutrix. He further testified that it was his former wife rather than he who suggested that he pay her $500 to take the prosecutrix out of the state.

Appellant called witnesses who corroborated his testimony that his former wife had stated she wanted a divorce from him and who also testified that his general reputation for being a peaceful and law abiding citizen was good.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to sustain its verdict.

Appellant first complains of the court's action in overruling his motion to quash the venire and to declare a mistrial.

The motion, presented to the court on the second day of the trial after nine jurors had been selected, alleged as grounds therefor that on the previous day June O'Quinn, mother of the prosecutrix, had circulated among the prospective jurors and, in talking to them and to others in their presence, had given them her version of the case. The motion was supported by the

affidavits of Marie Terry and Bobby J. Terry, who the record reflects were appellant's daughter and son-in-law.

After the state had controverted the motion by filing a written answer thereto supported by the affidavit of June O'Quinn denying appellant's allegations, the court proceeded to hear evidence thereon.

Upon the hearing the witnesses Marie Terry and Bobby J. Terry testified in behalf of appellant and in support of the allegations of his motion. June O'Quinn, upon being called as a witness by the state, specifically denied the allegations of appellant's motion that she had discussed the facts of the case with the prospective jurors or with anyone in their presence.

Under the conflicting testimony the court did not abuse his discretion in overruling the motion; hence no error is shown.

In his amended motion for new trial appellant charged jury misconduct by reason of the statements alleged to have been made in the presence of the prospective jurors and alleged that with at least one juror the determining factor in arriving at a verdict was what she had heard prior to being selected as a juror.

Attached to the motion was the affidavit of the juror Blakley in which she stated that while she was waiting to be questioned for jury service in the case "someone told me that he had heard Stokes and his lawyer talking in the restroom and the lawyer was trying to get Stokes to plead guilty;" that when she was questioned for jury service she was not asked if she had heard the case discussed; felt she could reach a fair and impartial verdict; that after the jury retired to consider the case she was convinced of appellant's innocence but changed her verdict to "guilty" because of what she had heard before being selected as a juror.

The state, by way of replication to the motion, denied the truth of the allegations therein and excepted to that portion of the motion relative to the juror Blakley and her affidavit on the ground that it was an effort on her part to impeach her verdict. Attached to the state's reply and in support thereof were the affidavits of seven of the jurors who served in the case.

At the hearing on the motion the juror Blakley testified substantially as stated in her affidavit that she changed her verdict

to that of guilty because of the statement which she had heard before being selected as a juror in the case. She further stated that she repeated the statement in the jury room to the other jurors. The state offered in evidence the affidavits of the seven jurors which supported the state's denial that the statement was made and the state's contention that the jury in their deliberation discussed only the evidence introduced in the case.

We perceive no error in the trial court's refusal to grant a new trial.

The testimony of the juror Blakley as to her reason for returning a verdict of guilty did not entitle appellant to a new trial as it is the general rule that a juror will not be permitted to impeach or explain his or her verdict by showing the reasons for the conclusion reached. Jack v. State, 20 Texas App. 656; Flanagan v. State, 142 Texas Cr. Rep. 177, 151 S.W. 2d 803; Sandoval v. State, 151 Texas Cr. Rep. 430, 209 S.W. 2d 188; Killingsworth v. State, 154 Texas Cr. Rep. 298, 226 S.W. 2d 635 and Edwards v. State, 155 Texas Cr. Rep. 590, 238 S.W. 2d 537.

Under the record no abuse of discretion of the trial court is shown in overruling the motion for new trial.

The judgment is affirmed.

Opinion approved by the Court.