418 S.W.2d 810 (1967)
Garfield HALL, Appellant,
v.
The STATE of Texas, Appellee.
No. 40594.
Court of Criminal Appeals of Texas.
October 4, 1967.
*811 B. F. Patterson, San Antonio, for appellant.
E. W. Patterson, Gonzales, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION
ONION, Judge.
The offense is Assault with Intent to Murder with Malice aforethought; the punishment, two (2) years confinement in the Texas Department of Corrections.
At the outset, the appellant challenges the sufficiency of the evidence to sustain the conviction in view of what he contends is the absence of a showing of a specific intent to kill and physical injury to the person upon whom the assault was made.
The State's evidence reveals that on December 15, 1966, Hugh F. Hartman, a Texas Highway Patrolman, was on patrol in Gonzales County. At approximately 9:45 p. m., he observed an Oldsmobile automobile parked off U. S. Highway 90-A, five and one half miles west of the City of Gonzales. Upon stopping to inquire if the occupants were having engine trouble which the driver and the passengers, including appellant, disclaimed, Hartman concluded the occupants had been drinking and had stopped to relieve themselves. As the Oldsmobile pulled onto the highway, Hartman followed in his patrol car and observed the Oldsmobile being driven erratically from one side of the highway to the other. Hartman immediately stopped the Oldsmobile by which time it was raining "heavily." While Hartman was attempting to talk to the driver, appellant, who had gotten out of the car, constantly interrupted the conversation, refused the officer's instructions to get back in the car, and appeared to Hartman to be intoxicated. When Officer Hartman attempted to place handcuffs on the appellant, he twisted away and began to shove and push Hartman up against a nearby barbed wire fence where he began choking Hartman. Upon finally freeing himself, Hartman pulled his pistol and ordered appellant to take a prone position on the ground.
At appellant's request, he was allowed to get into the patrol car, but when he again refused to be handcuffed, the officer ordered appellant out of the car and the struggle resumed. When attacked again, Officer Hartman once more pulled his pistol, but either tripped or slipped on the mud into the nearby ditch and dropped his pistol. Thereupon, the appellant and Officer Hartman both grabbed for the weapon and struggled over its possession with appellant attempting to force the gun to the officer's head. While kicking free of the appellant, the officer lost his grip on the pistol. Appellant then ordered the officer to back away from him and when Hartman was eight to ten feet away, the appellant fired the pistol at the officer, but did not hit him. When Hartman sought to secure another weapon from his patrol unit, the appellant ordered and forced the officer at gun point across the ditch and over the fence. When Hartman refused to go into the brush, appellant fired at him again from a point approximately twenty-five feet away.
At this time, appellant returned to the patrol unit and began blowing the unit's siren. Officer Hartman made his way back to the highway where he flagged down two automobiles whose drivers he sent for help. Upon seeing the Oldsmobile move off and determining that the appellant had left the patrol unit, Officer Hartman returned to the patrol car, where he found his pistol, and began immediate pursuit.
As a result of the heavy rain, Hartman was unable to find the Oldsmobile and subsequently had a wreck and was injured.
The next morning at 7 a. m. the Sheriff of Gonzales County arrested the appellant following his discovery of the Oldsmobile *812 in a ditch approximately a half mile from the scene of the events of the night before.
Appellant did not testify, but offered a witness in support of his application for probation.
It is well established that a specific intent to kill is an essential element of the offense of assault with intent to murder. The intent to kill is a fact question, the existence of which must be determined by the trier of the facts, judge or jury, from the evidence and cannot be presumed as a matter of law. Hunter v. State, 161 Tex.Cr.R. 225, 276 S.W.2d 803.
The trier of the facts may, however, infer the intent from any facts in evidence which to his mind proves the existence of such intent to kill, as from the use of a deadly weapon.
In Kincaid v. State, 150 Tex.Cr.R. 45, 198 S.W.2d 899, this court said:
"The intent to kill is a question of fact to be determined by the jury from all the facts and circumstances in evidence. The intent is hardly ever provable by direct testimony, but is to be inferred from acts, words, and conduct of the party accused. In the instant case, appellant made the assault upon an officer with a deadly weapon, from which, in the absence of any evidence which would excuse or justify his act, an inference arises that he intended to kill. Here, no excuse or justification on the part of appellant is shown. Of course, he fired only one shot but what he had in his mind at the very time he fired the shot was a question of fact for the jury. The fact that he did not hit the officer may have been due to his drunken condition or to bad marksmanship and subsequently he may have abandoned his intent to kill. However, the subsequent abandonment of his intent would not make the assault any the less an assault with intent to murder."
See also Wood v. State, 27 Tex.App. 393, 11 S.W. 449.
Even without the surrounding facts here presented, intent to kill may properly be inferred from the fact that the appellant committed the assault with a deadly weapon. Peterson v. State, Tex.Cr.App., 399 S.W.2d 813; Hernandez v. State, Tex. Cr.App., 375 S.W.2d 285; Flores v. State, 168 Tex.Cr.R. 629, 331 S.W.2d 219. See also 4 Branch's Anno. P.C.2d p. 173, Sec. 1812.
Further, proof of infliction of injury is not absolutely essential to a conviction for assault with intent to murder. Hunter v. State, supra; 4 Branch's Anno. P.C.2d, p. 180, Sec. 1829; 29 Tex.Jur.2d 118, Sec. 106.
In determining the question of the sufficiency of the evidence to sustain the trial court's finding that appellant intended to kill Officer Hartman, we must consider the evidence in the light most favorable to the State. Jennings v. State, Tex.Cr. App., 367 S.W.2d 670, appeal dismissed and denied 375 U.S. 398, 84 S.Ct. 453, 11 L.Ed.2d 412.
In view of the authorities quoted and the record before us, we conclude that the evidence fully sustains the conviction for assault with intent to murder as charged.
Appellant requests that if this cause be affirmed that this Court give favorable consideration to his application for probation denied by the trial court. We are without authority to do so. The authority to grant probation, in view of the waiver of the jury, was within the sound discretion of the trial judge. Article 42.12, Vernon's Ann.C.C.P.
The judgment is affirmed.