**Willie Joe BLAYLOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42135.**

Court of Criminal Appeals of Texas.

June 25, 1969.

————◆————

Winthrop Seley, Waco (Court appointed on appeal), for appellant.

Martin D. Eichelberger, District Clerk, Frank M. Fitzpatrick, Jr., Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for burglary with intent to commit theft. Five prior felony convictions were alleged, and two were used, for enhancement; the penalty, life.

The contention of appellant is that at the hearing on the motion for new trial some of the jurors testified that during their deliberations other jurors stated that the State failed to prove that appellant actually broke into the building, and that some of them thought that the verdict should have been guilty, but "not as charged." It is also contended that some of the jurors discussed an offense of robbery which was not charged.

The sufficiency of the motion for new trial to serve as a pleading is questioned. Assuming that the motion is sufficient, the trial court did not err in overruling it.

The testimony shows that the jurors did discuss the sufficiency of the proof to show that appellant actually broke into the building. After such discussion, it was shown that the jury returned a verdict of guilty as charged. A juror testified that robbery was mentioned, but it was in connection with the case on trial; that no other robbery was discussed; that in ordinary language burglary, theft and robbery were the same. Nothing extraneous to the transaction of burglary, even though it was referred to as a robbery, was discussed.

Stokes v. State, 165 Tex.Cr.R. 269, 305 S.W.2d 779, held that a juror could not impeach or explain his verdict by testifying on the motion for new trial that she had believed the accused innocent, but she voted for conviction because she had heard that the lawyer of the accused was trying to get him to plead guilty.

In Gonzales v. State, Tex.Cr.App., 398 S.W.2d 132, this Court held the trial court did not abuse its discretion in overruling a motion for new trial when a juror stated that in reaching a verdict, she could not help considering testimony regarding an extraneous offense in spite of the court's instruction not to do so. The rule that a juror will not be permitted to impeach his

verdict by showing reasons for the conclusion was followed.

In the present case, all of the evidence at the hearing on the motion for new trial merely shows that some of the jurors questioned the sufficiency of the evidence but later returned a verdict of guilty, and that the burglary was referred to as a robbery. The trial judge did not abuse his discretion in overruling the motion for new trial.

The judgment is affirmed.

WOODLEY, P. J., not participating.