Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

**Wesley Bernard NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50561.**

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

## OPINION

ODOM, Judge.

Appellant was found guilty by a jury of the offense of assault with intent to murder with malice. The jury assessed punishment at twenty-five years.

The sufficiency of the evidence is challenged. The record reflects that the appellant kidnapped at gun point Mike Capps and his date Rohnda Fullen, forced them to drive to an adjacent county where he raped Fullen, and then forced them into the trunk of the car for the drive back to Lufkin. After circumstances required the three to abandon the car, they arrived on foot in Lufkin at about 4:00 a. m. Verman Perry, a uniformed police officer, approached them in a patrol car and inquired as to their identity and business at that hour of the morning.

When Perry noticed Capps nodding toward the appellant, he asked Capps to get into the car with him. As Capps entered the car he told Perry that appellant had a gun in his belt and had just raped the girl. Perry then turned toward the appellant, who had pulled up his shirt so that a pistol was visible. Simultaneously, the officer testified, appellant was "reaching for it." Perry drew his own gun and fired a single shot at him that missed. The appellant then threw his pistol to the ground and surrendered.

Appellant contends that the evidence is insufficient to show an intent to kill. We agree.

■ An intent to kill may be shown where a victim has been shot with a firearm. E. g., *Hartman v. State*, Tex.Cr.App., 507 S.W.2d 553; *Hemphill v. State*, Tex.Cr.App., 505 S.W.2d 560; *Ortiz v. State*, Tex.Cr.App., 490 S.W.2d 594; *Carlisle v. State*, Tex.Cr.App., 488 S.W.2d 428; *Stallings v. State*, Tex.Cr.App., 476 S.W.2d 679; *Gamblin v. State*, Tex.Cr.App., 476 S.W.2d 18; *Rawlins v. State*, Tex.Cr.App., 466 S.W.2d 308; *Schulz v. State*, Tex.Cr.App., 446 S.W.2d 872; *Walker v. State*, Tex.Cr.App., 440 S.W.2d 653; *Valle v. State*, Tex.Cr.App., 438 S.W.2d 583. Also, the evidence may be sufficient where a shot has been fired at an intended victim. E. g., *Bell v. State*, Tex.Cr.App., 501 S.W.2d 137; *Klechka v. State*, Tex.Cr.App., 475 S.W.2d 257; *Hall v. State*, Tex.Cr.App., 418 S.W.2d 810; *Peterson v. State*, Tex.Cr.App., 399 S.W.2d 813; *Kincaid v. State*, 150 Tex.Cr.R. 45, 198 S.W.2d 899. But this Court has consistently required more evidence than was shown here. Convictions have been overturned that were supported by even more evidence of specific intent than presented in the instant case. For example, in *Davis v. State*, Tex.Cr.App., 516 S.W.2d 157, the police officer was unsure whether defendant had pointed his pistol at him; in *Barnes v. State*, 172 Tex.Cr.R. 303, 356 S.W.2d 679, defendant cut the victim with a knife and fired his pistol in the air as the victim was fleeing; in *King v. State*, 166 Tex.Cr.R. 230, 312 S.W.2d 677, defendant fired his rifle at four officers who "heard the bullet 'whistle' by them." See also *Thompson v. State*, Tex.Cr.App., 521 S.W.2d 621; *Hargrove v. State*, Tex.Cr.App., 501 S.W.2d 878; *Blount v. State*, Tex.Cr.App., 376 S.W.2d 844; *Watts v. State*, 151 Tex.Cr.R. 349, 207 S.W.2d 94, 97 (on motion for rehearing).

■ Here, the appellant only made a motion toward his gun and immediately threw it down when the officer fired a shot at him. The record does not reflect that appellant ever pulled the trigger, pointed the pistol toward the officer, or even grasped the weapon in such a manner that it could be discharged intentionally. The officer testified that appellant had ample opportunity to kill him. Appellant testified that "I didn't try to kill that policeman. If I had tried to kill him, he would be dead." Clearly, the evidence is insufficient to support a finding of intent to kill.

The judgment is reversed and the cause remanded.