Ronald Gregory BRENT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 81 009 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 24, 1982.

Discretionary Review Refused
June 2, 1982.

James A. DeLee, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

PER CURIAM.

Appellant was indicted for attempted murder and there were two enhancement paragraphs. The jury found him to be guilty as charged and also found that the enhancement allegations were true. The court assessed the punishment at confinement for life.

■ The second ground of error complains of the insufficiency of the evidence to support the conviction. Appellant stabbed Kevin Christopher with a pocket knife while the two were engaged in a personal altercation at a filling station. The complainant was an employee of the filling station and was talking with one Sampson, a passenger in appellant's automobile, when the disagreement erupted. Complainant, seeing the knife pointed towards his body when appellant was but a short distance from him, struck the first blow, knocking appellant's glasses from his face.

Thereupon appellant stabbed complainant in the chest twice before he was pulled off complainant by bystanders. Notwithstanding his injuries, complainant then jumped upon appellant's car, causing damage thereto by stomping the top thereof. The police who investigated the incident did not find the knife used although several witnesses were positive that appellant had one in his hand during the altercation.

The knife wounds caused complainant to be confined to the intensive care unit of a

hospital several days because of lung punctures and loss of blood.

Appellant did not testify but did offer the witness Sampson who, generally, corroborated the foregoing details of the incident.

The thrust of the argument is that the evidence does not show a specific intent to commit murder because, in the language of counsel, "all the evidence points to either attempted voluntary manslaughter or attempted involuntary manslaughter." We disagree and overrule the ground of error.

Assuming that the knife used was not a deadly weapon per se, the testimony of the eyewitnesses as to the manner and force used in inflicting the wounds constituted sufficient evidence before the jury for it to find an intent to kill. *Lewis v. State*, 486 S.W.2d 104, 106 (Tex.Cr.App.1972). Considering the evidence in the light most favorable to the jury's verdict, as we are required to do [*Hall v. State*, 418 S.W.2d 810, 812 (Tex.Cr.App.1967)], we deem the evidence sufficient to support the finding of intent. See and cf. *Samuel v. State*, 477 S.W.2d 611, 613 (Tex.Cr.App.1972). The second ground of error is overruled.

■ We have difficulty in coming to grips with appellant's first ground of error which reads:

"The State committed incurable error in jury argument during punishment phase."

The ground of error is in violation of *Art. 40.09(9), Vernon's Ann.C.C.P. (Supp.1982)*, in that counsel does not refer to the record in such a way that the complaint can be clearly identified and understood by the court; consequently, the ground is not entitled to consideration. *Brown v. State*, 605 S.W.2d 572, 577 (Tex.Cr.App.1980).

■ Notwithstanding the disregard of the rules governing the presentation of complaints to this Court, we have considered the ground of error and find no merit thereto. Initially, we note that while counsel now speaks of the alleged error as "incurable", he did not, as the trial attorney, perceive error and made no objection at the trial.

We do not find error, even after our diligent search of the record. It appears that counsel was simply going through the charge in an attempt to explain to the jury the language used by the Court in the charge. Our review does not lead us to the belief that counsel violated any of the parameters governing oral argument laid down in *Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Cr.App.1980).

Ground one is overruled and the judgment of the trial court is AFFIRMED.