

Clifton Holmes, Longview, for appellant.

John Tunnell, Asst. Dist. Atty., Longview, for appellee.

GRANT, Justice.

**James F. BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–065–CR.**

Court of Appeals of Texas, Texarkana.

Aug. 25, 1987.

James F. Bennett was charged with attempted murder and was convicted of the lesser included offense of aggravated assault. The jury assessed punishment at the maximum permissible for that offense, ten years in the Texas Department of Corrections.

Bennett bases this appeal on allegations of jury misconduct. At a hearing on his motion for new trial, a juror testified that the jurors had bargained to reduce the level of the offense to aggravated assault during the guilt phase in return for imposition of the maximum available penalty on the lesser included offense at the punishment phase.

Bennett's motion for new trial was overruled by operation of law. No controverting evidence was presented by the State. The State concedes on appeal that the misconduct occurred, but argues that no harm resulted.

 The test to determine whether jury misconduct existed which requires that a new trial take place is a two-stage analysis. The question is first whether misconduct occurred. If so, we look to determine whether harm resulted which constituted

**34**

the denial of a fair and impartial trial. *Sandoval v. State*, 209 S.W.2d 188 (Tex. Crim.App.1948); Tex.Code Crim.Proc.Ann. § 40.03(8).[1]

■ In the present case, we have clear and uncontroverted evidence that the jury did not follow the dictates of the jury charge. The charge stated that:

> Your deliberations at this time are limited solely to the issue of guilt or innocence of the Defendant of the offense charged, and you are not authorized to pass upon the punishment, if any, to be imposed.

The testimony of the juror clearly indicates that a bargain on punishment was struck to achieve a verdict on guilt. This is an obvious violation of the charge as given, and thus clearly a case of jury misconduct.

The next question is then whether the misconduct harmed the defendant. While compromise is a vital part of jury deliberation, it does not extend from one phase of the deliberation to the next. *Escarcega v. State*, 711 S.W.2d 400 (Tex. App.-El Paso 1986, pet. granted). The fact that the sole juror holding out for the higher offense only agreed to the lesser included offense after agreement by the other jurors that they would impose the maximum punishment for the lesser crime is proof in itself of the harm resulting. The harm is that by making the agreement the defendant was denied his right to have a jury which would fairly and impartially consider the full range of punishment available upon his conviction. The bargain thus deprived him of his right to trial by an impartial jury, as the jurors had determined the punishment that would be set prior to a finding of guilt and before hearing the evidence on punishment. Tex. Const. art. I, § 10.

In this case, there was no controverting evidence, and thus no issue of fact for the trial court to determine. With this proof of misconduct and the harm ensuing, a new trial should have been granted.

The judgment is reversed and this case is remanded for a new trial.

---

1. This code section was repealed on September 1, 1986, subsequent to the trial of this case.