Affirmed and Opinion filed January 16, 2003















Affirmed and
Opinion filed January 16, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01136-CR

____________

 

CARLTON RICHARD
BURRELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________

 

On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 888,720

 

____________________________________________

 

O P I N I O
N

            Appellant Carlton Richard Burrell
was convicted of capital murder. In two points of error, he contends the
evidence was legally and factually insufficient to support the jury’s finding
that he intentionally caused the death of Ruthmary
Goldman.  We affirm.




 








I.  FACTUAL BACKGROUND

            On the morning of August 11, 2000, Ruthmary Goldman was finishing a cigarette at the north
entrance of the Dillard’s department store at Baybrook
Mall.  Waiting for his wife in his
vehicle, William Byrd observed Goldman from the parking lot.  Shortly after she had finished smoking, Byrd
noticed appellant jog toward her.  Byrd
saw him make contact with Goldman and struggle with her for her purse.  Appellant knocked her to the ground and stood
over her as he continued his attempts to take the purse.  Just as he was unlocking the vehicle to go to
Goldman’s aid, Byrd heard a “pop” and looked over to discover appellant holding
a firearm over her body.  As Byrd used
his cellular telephone to call the authorities, he saw appellant take the purse
and jog to a nearby vehicle.  Byrd
noticed two other individuals in the vehicle. 
After committing the license plate to memory, Byrd went to aid
Goldman.  Shopping inside the store at
about this time, Sylvia Cole heard cries for help.  A nurse, Cole began to treat Goldman, who by
then was bleeding profusely from the gunshot wound.  Goldman told Cole that she had been shot by a
robber and that she knew that she would not survive.  About an hour after the robbery, she died of
her wounds.  After the authorities
ascertained the identities of the suspects, located the vehicle, and obtained
arrest warrants, appellant turned himself into the police and provided a
statement detailing his involvement in the crime.  After entering a plea of not guilty,
appellant was found guilty of capital murder and sentenced to life in prison.

II.  STANDARD OF REVIEW

            When an appellant challenges both
the legal and factual sufficiency of the evidence, the reviewing court
addresses the legal sufficiency challenge first because an affirmative finding
on that issue will result in rendition of a judgment of acquittal, while a
finding of factual insufficiency warrants a remand for a new trial.  See Nickerson v. State, 69 S .W.3d 661, 668 (Tex. App.—Waco 2002,
pet. ref’d). 
In conducting a legal sufficiency review, an appellate court must view
the evidence in the light most favorable to the prosecution and determine if
any rational fact finder could have found the crime’s essential elements to
have been proven beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The reviewing court will examine
the entire body of evidence; if any evidence establishes guilt beyond a
reasonable doubt, and the fact finder believes that evidence, the appellate
court may not reverse the fact finder’s verdict on grounds of legal
insufficiency.  See id.  In reviewing for
factual sufficiency, an appellate court will examine all the evidence without the
prism of “in the light most favorable to the prosecution” and will set aside
the fact finder’s verdict only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.  See Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App.1996). 
However, an appellate court conducting a factual sufficiency review must
be appropriately deferential so as to avoid substituting its own judgment for
that of the fact finder.  Id. at 133.  Accordingly,
we are only authorized to set aside the fact finder’s finding in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.  Id. at 135.

            In two points of error, appellant
contends the evidence was legally and factually insufficient to prove that he
had the intent to cause the death of an individual at the time of the
crime.  A person commits the offense of
capital murder if he intentionally commits the murder in the course of
committing or attempting to commit robbery. 
See Tex. Penal Code Ann. § 19.03 (a)(2);  see
also Tex. Penal Code Ann. §
6.03 (“A person acts intentionally, or with intent, with respect to the nature
of his conduct or to a result of his conduct when it is his conscious objective
or desire to engage in the conduct or cause the result.”).  A culpable mental state is almost always
proven through circumstantial evidence.  Warren v. State, 797
S.W.2d 161, 164 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d).  The jury must review all of the evidence and
may reasonably conclude from the circumstantial evidence that the requisite
mental state existed.  Mouton v. State, 923 S.W.2d 219, 223 (Tex. App.—Houston [14th Dist.]1996, no pet.).

            The manner in which appellant
perpetrated the crime clearly suggests his specific intent to kill.  An accused’s intent
may be inferred from his acts, words, and conduct.  Id.;  Henderson v. State, 825
S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1992, pet. denied).  Appellant used a firearm to commit the
robbery, and he shot Goldman in the upper part of her chest after she resisted
his attempts to take her purse.  From the
use of a deadly weapon, the finder of fact may infer the specific intent to
kill unless in the manner of its use it is reasonably apparent that death or
serious bodily injury could not result.  Childs v. State, 21 S.W.3d 631, 635 (Tex.
App.—Houston [14th Dist.] 2000, pet ref’d); see also Hatton v. State, 21 S.W. 679,
679 (1893) (“If a deadly weapon is used in a deadly manner, the inference is
almost conclusive that he intended to kill; on the other hand, if the weapon
was not a dangerous one, or was not used in a deadly manner, the evidence must
be established by other facts.”).  A
handgun, like that used by the appellant in this case, is a deadly weapon per
se.  See Tex.
Penal Code Ann. § 1.07(a)(17)(a).  Appellant’s firearm was loaded.  Because appellant failed to remove the
bullets and used a gun he knew to be loaded, the jury could also reasonably
infer an intent to kill.  Mouton,  923 S.W.2d at
223.  Furthermore, where a deadly weapon
is fired at close range, and death results, the law presumes an
intent to kill.  Womble v. State, 618 S.W.2d 59,
64 (Tex. Crim. App. [Panel Op.] 1981).  The assistant medical examiner who performed
the autopsy testified that the soot around the edges of and within the wound
suggested that the firearm was discharged within inches of Goldman’s body.  Seeing no defensive wounds during the
autopsy, the medical examiner also testified that it was unlikely that Goldman
struggled with appellant over the weapon. 
Having analyzed the evidence at the scene, a Houston Police Department
firearms examiner testified that the weapon was likely a Kel-Tec,
which requires three pounds of pressure to dispel the bullet from the
chamber.  The jury may have taken these
facts into account in determining that appellant had the conscious intent to
fire it into her body.  See Mouton, 923 S.W.2d
at 223.  Considering the totality
of the circumstances, we find the evidence was sufficient to support the jury’s
finding that appellant acted with the requisite intent to commit the offense of
murder in the course of a robbery.




 

III.  CONCLUSION

            Based on the foregoing evidence, we
find the evidence legally and factually sufficient to support the jury’s
finding that appellant intentionally caused the death of complainant. From it,
a rational trier of fact could conclude that this
element was proven beyond a reasonable doubt. 
Further, the fact finder’s decision is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  The judgment is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed January
 16, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).