Filed 9/30/15  P. v. Jones CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RALPH JONES,<br><br>    Defendant and Appellant. | B262871<br><br>(Los Angeles County<br>Super. Ct. No. NA096275) |

APPEAL from an order of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Affirmed.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information filed on August 16, 2013, charged appellant Ralph Jones with second degree robbery in violation of Penal Code section 211[1], second degree commercial burglary in violation of section 459, and possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a). The information alleged that Jones had suffered prior convictions for 10 serious or violent felonies. On October 3, 2013, Jones pleaded guilty to commercial burglary and possession of a controlled substance, and the court dismissed the robbery charge and sentenced Jones to 7 years 4 months in prison.

On December 29, 2014, Jones petitioned the court for resentencing pursuant to section 1170.18, which codifies part of Proposition 47, "the Safe Neighborhoods and Schools Act." (Prop. 47, § 14, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.)

After a hearing conducted on February 17, 2015, the trial court denied Jones's petition, finding that he was ineligible for relief under Proposition 47 because he had previously been convicted of a so-called "super strike" offense,[2] namely a Texas conviction for attempted murder. Jones filed a timely notice of appeal.

We appointed counsel to represent Jones in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On July 8, 2015, we sent a letter to Jones and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Jones and informed Jones that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. Jones filed a brief on July 29, 2015.

---

[1]  Unless otherwise indicated, citations are to the Penal Code.

[2]  The "super strike" offenses, which bar relief under Proposition 47, are those listed in section 667, subdivision (e)(2)(C)(iv).

We have reviewed the entire record and determined that, because Jones was convicted of a super strike offense, he is ineligible for resentencing under Proposition 47. We therefore affirm the trial court's order denying Jones's petition.

In his brief, Jones contends that there was insufficient evidence to support the finding that his Texas conviction was a super strike, that the court violated his due process rights by conducting his resentencing hearing without his presence, and that he received ineffective assistance of counsel at the hearing. We reject all of these contentions.

Jones argues that the prosecution failed to provide sufficient evidence that he had been convicted of a super strike. He concedes he was convicted in Texas in 1972 of assault to murder, but he argues that this offense was not the same as the crime of attempted murder in California on the ground that the Texas statute did not require that the defendant act with specific intent to kill. An out-of-state conviction is a super strike if it "is for an offense that includes all of the elements" of a super strike offense in California. (§ 667, subdivision (d)(2).) Although the names are different, there is nothing to distinguish assault to murder as then defined in Texas from the offense of attempted murder in California. As the court noted in *Samuel v. State* (Tex.Crim.App. 1972) 477 S.W.2d 611, a case published the same year as Jones's conviction, "'[i]t is well established that a specific intent to kill is an essential element of the offense of assault to murder.'" (*Id.* at p. 613, quoting *Hall v. State* (Tex.Crim.App. 1967) 418 S.W.2d 810, 812.) Jones cites *People v. Purata* (1996) 42 Cal.App.4th 489 for the proposition that in Texas at the time of Jones's offense, a specific intent to cause serious bodily injury, rather than to kill, was sufficient for a conviction of assault to murder. In fact, however, the court in *Purata* rejected that interpretation, finding that the Texas statute contained the same elements as did attempted murder in California. (*Id.* at pp. 496-497.) Thus, the trial court correctly concluded that Jones had been convicted of a super strike and was ineligible for relief under Proposition 47.

Jones next argues that he was deprived of due process because he was not personally notified of the hearing, nor of the prosecution's intention to use his prior

3

conviction in Texas to deny him relief.  Although a defendant has the due process right to be present at all critical stages of a trial, he "is not entitled to be personally present during proceedings that bear no reasonable, substantial relation to his opportunity to defend the charges against him, and the burden is on the defendant to demonstrate that his absence prejudiced his case."  (*People v. Benavides* (2005) 35 Cal.4th 69, 89.)  At a resentencing hearing, the court may not consider evidence apart from the record of conviction. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331.)  Jones's personal presence at the resentencing hearing bore no relationship to his conviction of the commitment offense and therefore, he did not have a due process right to be personally present at resentencing, and neither his absence nor the failure to notify him of the use of the Texas conviction prejudiced him.

Finally, Jones argues that his attorney provided ineffective assistance of counsel because she did not insist on obtaining certified copies of the record of his conviction in Texas, argue the difference between the Texas and California attempted murder statutes, or notify Jones about the use of the Texas conviction as a super strike.  We reject this claim because none of these measures would have made a difference in the outcome of the case.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 687.)

## DISPOSITION

The order denying defendant's Proposition 47 petition for recall and resentencing is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



JOHNSON, J.                                    LUI, J.


4