**Preston HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42691.**

Court of Criminal Appeals of Texas.

March 18, 1970.

Jay W. Elston, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 15 years.

Trial was before the court without the intervention of a jury.

Appellant's principal ground of error relates to the refusal of the court to require the state to make available to him, during the trial and for the record on appeal, statements of certain persons interviewed by the police at or near the scene of the homicide. We do not rely entirely upon Article 39.14, Vernon's Ann.C.C.P., which excepts "written statements of witnesses," in overruling appellant's contention, but observe further that there is no contention in any way that the state suppressed anything which in any manner might exculpate this appellant. The statements taken from the witnesses *who*

---

*testified* were promptly delivered to appellant's counsel for the purpose of cross examination. A demand for the production of all the statements taken from everyone at or near the scene, and who were not present or available as witnesses goes far beyond the rule originally announced by this Court in Gaskin v. State, 172 Tex.Cr. R. 7, 353 S.W.2d 467.

Appellant's ground of error is overruled.

The last ground of error presented in appellant's brief is entirely outside of this record and will not be discussed.

Finding no reversible error, the judgment is affirmed.