PD-1125-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/2/2015 10:00:00 AM
Accepted 9/3/2015 2:07:29 PM
ABEL ACOSTA
CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**GEOFFREY KEVIN PITCOCK**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No. 1170491 from County
Criminal Court No. Three of Tarrant County, Texas,
and Cause No. 11-13-00213-CR in the
Court of Appeals for the Eleventh District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Geoffrey Kevin Pitcock

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. Billy Mills, judge, County Criminal Court No. 3, Tarrant County |
| Petitioner: | Geoffrey Kevin Pitcock |
| Petitioner's Trial Counsel: | Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Petitioner's Counsel on Appeal: | Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |

–and–

Tim Robinson
TBN: 24069040
Robinson & Kardonsky, PC
210 N. Park Blvd. #112
Grapevine, TX 76051

| | |
|---|---|
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Nathan Martin<br>TBN: 24085118<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

Appellee's Counsel        Debra Windsor
on Appeal:                TBN: 00788692
                          Colby Rideout
                          TBN: 24073106
                          District Attorney's Office
                           401 W. Belknap Street
                          Fort Worth, Texas 76196

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . .1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I.       The Court of Appeals erred when it held that the trial court's
         admission of the blood test report over hearsay objection was
         harmless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

         A.     *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

         B.     *The Opinion Below*. . . . . . . . . . . . . . . . . . . . . . . . .6

         C.     *Harm Analysis*. . . . . . . . . . . . . . . . . . . . . . . . . . .12

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . .9

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

# INDEX OF AUTHORITIES

*Cases*                                                                                          *page*

*Bagheri v. State*,
       119 S.W.3d 755 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . .7, 8

*Johnson v. State*,
       967 S.W.2d 410 (Tex. Crim. App. 1998). . . . . . . . . . . . . . . . . . .5

*Johnson v. State*,
       43 S.W.3d 1 (Tex. Crim. App. 2001). . . . . . . . . . . . . . . . . . .5, 6, 8

*King v. State*,
       953 S.W.2d 266 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . .5

*Kotteakos v. United States*,
       328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). . . . . . . . . .5, 6, 8

*Motilla v. State*,
       78 S.W.3d 352 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . 5, 6-7, 8

*O'Neal v. McAninch*,
       513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). . . . . . . .5-6, 8

*Pitcock v. State*,
      11-13-00213-CR, 2015 WL 4722213 (Tex. App.–
          Eastland, July 30, 2015, no. pet. h.)
              (mem. op., not designated for publication). . 1, 4, 7

*Webb v. State*,
      36 S.W.3d 164 (Tex. App.-
          Houston [14th Dist.] 2000, pet. ref'd). . . . . . . . . . . . . . .6, 8

*Statutes*

TEX. PENAL CODE § 49.01(2)(A) (West 2011). . . . . . . . . . . . . . . . . . . . . .7

TEX. PENAL CODE § 49.01(2)(B) (West 2011). . . . . . . . . . . . . . . . . . . . . .7

***Court Rules***

TEX. R. APP. P. 44.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

TEX. R. APP. P. 44.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

Geoffrey Kevin Pitcock ("Mr. Pitcock" or "Petitioner") was charged with driving while intoxicated on August 26, 2009. (C.R. 6). Mr. Pitcock pled not guilty and a trial on the merits was had on June 18, 2013, in County Criminal Court Number Three of Tarrant County, Texas before the Honorable Billy Mills. (CR 6.7.). On June 19, 2013, Appellant was found guilty and sentenced to 60 days in the Tarrant County Jail, probated for 15 months and a $1000 fine. (CR 67). A timely notice of appeal was filed on June 19, 2013. (CR 51).

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Eleventh Court of Appeals affirming Mr. Pitcock's conviction was handed down on July 30, 2015. *See Pitcock v. State*, 11-13-00213-CR, 2015 WL 4722213 (Tex. App.–Eastland, July 30, 2015, no. pet. h.) (mem. op., not designated for publication).

1

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW ONE

**I.** **The Court of Appeals erred when it held that the trial court's admission of the blood test report over hearsay objection was harmless.**

### REASONS FOR REVIEW

1. The Eleventh Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

2. The decision of the Eleventh Court of Appeals is in conflict with another court of appeals' decision on the same issue.

### ARGUMENT

### GROUND FOR REVIEW ONE (Restated)

**I.** **The Court of Appeals erred when it held that the trial court's admission of the blood test report over hearsay objection was harmless.**

**A.** *Facts*

In the early morning hours of August 29, 2009, Mr. Pitcock was driving his 2009 Yukon eastbound on Fifth Street in downtown Fort Worth. (IV R.R. 69). At the same time, Officer Oscar Flores was on bike patrol at the corner of Fifth Street and Houston Street. (III R.R. 14).

2

Officer Flores would later testify that he saw a 2009 Yukon not stop completely as it turned right at the red light onto southbound Houston Street. (III R.R. 15). Officer Flores initiated a traffic stop. (III R.R. 18). Officer Flores testified that he believed Mr. Pitcock had watery, bloodshot eyes and noticed a smell of alcohol. (III R.R. 19). Based on this, he contacted DWI enforcement. (III R.R. 21). Officer Shiderly arrived on scene. (III R.R. 47). Officer Shiderly requested that Mr. Pitcock perform a field sobriety test, (III R.R. 51) which Mr. Pitcock refused. (III R.R. 52). Officer Shiderly then arrested Mr. Pitcock on suspicion of driving while intoxicated. (III R.R. 53).

At the police station, Mr. Pitcock refused Officer Shiderly's request for a specimen of Mr. Pitcock's blood. (III R.R. 63). Officer Shiderly then obtained a warrant for a blood draw. (III R.R. 64).

At trial, the State called Jason Allison, a blood analyst from the Fort Worth Crime Lab. (IV R.R. 35). Mr. Allison analyzed the blood sample taken from the Appellant. (IV R.R. 37). Mr. Allison testified he received the blood samples from the property technician but did not identify a third signature on the chain of custody sheet. (IV R.R. 40). The trial court admitted the blood sample test report over Mr.

Pitcock's objection to the blood sample's chain of custody. (IV R.R. 41). The trial court then admitted Mr. Allison's lab report documenting the blood test results, over Mr. Pitcock's hearsay and confrontation objections. (IV R.R. 50-51).

After deliberation, the jury returned a verdict of guilty. (IV R.R. 110). After brief arguments, the Court set punishment at 60 days in jail probated for 15 months and a $1000 fine. (IV R.R. 112).

### B. *The Opinion Below*

Apparently assuming error, the Eleventh Court of Appeals addressed only whether the admission of the blood test result was harmful under the non-constitutional standard of Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See Pitcock*, 2015 WL 4722213 at *4. (citing TEX. R. APP. P. 44.2(b)). However, the court then went on to hold that the trial court's erroneous admission of the blood test report was harmless. *Id*. at *5.

### C. *Harm Analysis*

Once a reviewing court determines that the trial court erred in the admission of evidence, the Court must determine whether the accused was harmed by the error. *See* TEX. R. APP. P. 44.2. Error under the rules of evidence in the admission of evidence normally constitutes

4

nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). A reviewing court is to disregard a nonconstitutional error that does not affect the substantial rights of the defendant. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). In *Kotteakos*, the United States Supreme Court explained:

> [I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

328 U.S. at 765, 66 S.Ct. at 1248 (emphasis added); *see Motilla v. State*, 78 S.W.3d 352, 355–58 (Tex. Crim. App. 2002); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). The Supreme Court has defined "grave doubt" to mean "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130

5

L.Ed.2d 947 (1995); *Webb v. State*, 36 S.W.3d 164, 182–83 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). If the reviewing court is unsure whether the error affected the outcome, the court should treat the error as harmful, i.e., as having a substantial and injurious effect or influence in determining the jury's verdict. *O'Neal*, 513 U.S. at 435, 115 S.Ct. at 994; *Webb*, 36 S.W.3d at 182–83.

The defendant is not required to prove harm from an error. *Johnson*, 43 S.W.3d at 4. Indeed, there ordinarily is no way to prove "actual" harm. *Id*. It is instead the duty of the reviewing court to assess harm from the context of the error. *Id*. Thus, the proper inquiry is whether the trial court's error in allowing the State to admit the blood test report substantially swayed or influenced the jury's verdict, or whether the appellate court is left in grave doubt as to whether this erroneously admitted evidence substantially swayed or influenced the jury's verdict. *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248; *Johnson*, 43 S.W.3d at 4. In making this determination, an appellate court must consider the trial court's erroneous admission of the report in the context of the entire record and not just whether there was sufficient or overwhelming evidence of the defendant's guilt. *Motilla*, 78 S.W.3d at

6

355–56.

The court of appeals also held that Mr. Pitcock himself "cured" any error in the admission of the blood test report when on cross examination the prosecutor asked, "[w]hat did those blood results come back on you?" To which Mr. Pitcock answered, without objection from his counsel, "[t]he sheet says .15." *See Pitcock*, 2015 WL 4722213 at *5. The court of appeals is mistaken, however, as Mr. Pitcock's response sets forth only the alleged result of the blood sample analysis, and does not in any way address the scientific lab report compiled by the lab technician to substantiate that alleged result.

Here, the erroneously admitted breath tests lab report authorized the jury to convict Mr. Pitcock solely on the results of those tests. Mr. Pitcock was charged under both the "per se" and "impairment" theories of intoxication. *See* TEX. PENAL CODE § 49.01(2)(A) & (B) (West 2011). The Court of Criminal Appeals has declared that the two theories are merely alternate means of proving intoxication. *Bagheri v. State*, 119 S.W.3d 755, 762 (Tex. Crim. App. 2003). The Court further noted that where a general verdict is returned in a DWI prosecution, it is impossible to determine which theory the jury convicted on. *Id*. at

7

763. Though the contested issue in *Bagheri* was the admissibility of "retrograde extrapolation" evidence in conjunction with breath test results, the portion of the opinion detailing the harm associated with improperly admitted "per se" evidence and its relationship to an "impairment" theory of conviction provides controlling guidance. The Court identified the main concern in such a situation when it stated that "[t]he issue [is] whether the erroneously admitted testimony might have prejudiced the jury's consideration of the other evidence or substantially affected their deliberations." *Id*. at 763. At the very least, the court of appeals should have been unsure whether the error affected the outcome here. *See O'Neal*, 513 U.S. at 435, 115 S.Ct. at 994; *Webb*, 36 S.W.3d at 182–83. The trial court's error was harmful. *Kotteakos*, 328 U.S. at 765, 66 S.Ct. at 1248, *Motilla*, 78 S.W.3d at 355–58; *Johnson*, 43 S.W.3d at 4.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered

8

below, that this Court reverse the opinion of the Second Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorney for Petitioner
Geoffrey Kevin Pitcock

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 1,614.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 2nd day of September , 2015.

/s/ Abe Factor
Abe Factor

9

## APPENDIX

1.      Opinion of the Eleventh Court of Appeals.



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00213-CR

_____

## GEOFFREY KEVIN PITCOCK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 3**

**Tarrant County, Texas**

**Trial Court Cause No. 1170491**

## M E M O R A N D U M   O P I N I O N

The jury convicted Geoffrey Kevin Pitcock of driving while intoxicated. The trial court assessed Appellant's punishment at confinement in jail for sixty days and a $1,000 fine. The trial court suspended the imposition of Appellant's sentence and placed him on community supervision for a term of fifteen months. Appellant filed a timely notice of appeal and raised three issues for review.[1] We affirm.

---

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals.

Corporal Oscar Flores with the Fort Worth Police Department testified that on the date of the offense, at approximately 2:14 a.m., he was on bike patrol in downtown Fort Worth, and he saw Appellant fail to stop at a red traffic light prior to making a right turn at an intersection. Pedestrians were in the crosswalk at the intersection. When Corporal Flores saw Appellant run the red light, he initiated a traffic stop. While Corporal Flores interacted with Appellant, he saw several signs of intoxication including watery, bloodshot eyes; slurred speech; and a strong smell of alcohol. Corporal Flores requested the assistance of an officer from a DWI unit, and Officer James Shiderly came to the scene. Upon his arrival, Officer Shiderly took control of the investigation, and after Appellant refused to perform field sobriety tests, Officer Shiderly took him to jail.

In Appellant's first issue, he argues that the trial court erred when it admitted what Appellant claims to be certain speculative testimony of Officer Shiderly. In his second issue, Appellant complains that the trial court erred when it admitted the blood kit because the State did not properly prove the chain of custody. Finally, in Appellant's third issue, he argues that the lab report admitted into evidence was inadmissible hearsay.

Each of Appellant's issues concern the admissibility of evidence. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

We will first address Appellant's first issue in which he argues that the trial court erred when it admitted speculative testimony from Officer Shiderly. In Officer Shiderly's testimony, he stated that in response to his request for Appellant to complete field sobriety tests, Appellant told him to "take me to jail for what I did." During the State's direct examination of Officer Shiderly, the prosecutor asked

2

Officer Shiderly, "So when he said 'take me to jail for what I did,' what did that *mean to you*?" (emphasis added). Appellant's counsel objected and argued that the question called for speculation. The trial court overruled the objection and permitted Officer Shiderly to answer. Officer Shiderly answered, "It would *make me believe* that the individual was committing another crime other than just the minor traffic violation." (emphasis added). The prosecutor tailored the question to Officer Shiderly so that the answer was limited to what Appellant's statement meant to Officer Shiderly. Nevertheless, Appellant argues that the question invited testimony outside the officer's personal knowledge—only Appellant could know what he truly meant.

Texas Rules of Evidence 602 and 701 apply when a party objects on the grounds that testimony is speculative. *See* TEX. R. EVID. 602, 701; *Solomon v. State*, 49 S.W.3d 356, 364–65 (Tex. Crim. App. 2001); *Turro v. State*, 950 S.W.2d 390, 403 (Tex. App.—Fort Worth 1997, pet. ref'd). Rule 602 requires that a witness have personal knowledge of the matter on which he or she is testifying. TEX. R. EVID. 602. Rule 701 concerns lay witness opinion testimony. TEX. R. EVID. 701. The first prong of Rule 701 requires that a witness rationally base his or her testimony on what he or she perceives. *See* TEX. R. EVID. 602, 701; *Solomon*, 49 S.W.3d at 364–65; *see also Fairow v. State*, 943 S.W.2d 895, 897 (Tex. Crim. App. 1997). An opinion is rationally based on a witness's perception if "a reasonable person could draw [the same opinion] under the circumstances." *Fairow*, 943 S.W.2d at 900. The second prong of Rule 701 requires that the witness's opinion be helpful to the trier of fact. *See* TEX. R. EVID. 602, 701; *Solomon*, 49 S.W.3d at 364–65.

An individual cannot have personal knowledge of another's mental state. *Solomon*, 49 S.W.3d at 364. But it is quite another thing if the testimony is an "interpretation of the witness's objective perception of events (i.e. his own senses or

3

experience)." *Fairow*, 943 S.W.2d at 899. A person may possess "personal knowledge of facts from which an opinion regarding mental state may be drawn." *Id.* Officer Shiderly had the opportunity to watch and interact with Appellant and was also aware of the background of the traffic stop. As a result, through what he perceived, he could testify as to what he believed Appellant meant by the statement. *See* TEX. R. EVID. 602, 701; *Solomon*, 49 S.W.3d at 364; *Fairow*, 943 S.W.2d at 898–99. Further, because a reasonable person could believe that Appellant meant that he had committed more than a minor traffic violation by telling the officer to take him to jail for what he did, Officer Shiderly's opinion was rationally based on what he perceived. *See Fairow*, 943 S.W.2d at 898–900.

Next, under Rule 701, the witness's testimony must be helpful to the jury. *Solomon*, 49 S.W.3d at 364. Testimony is helpful when it either assists the jury to understand the witness's testimony or to understand a fact issue. *Fairow*, 943 S.W.2d at 900. The decision regarding admissibility is committed to the sound discretion of the trial court. *Id.* It is likely that the trial court found that Officer Shiderly's testimony helped the jury understand why he did what he did and why Appellant acted as he did. Officer Shiderly's testimony meets both prongs of Rule 701. *See* TEX. R. EVID. 701; *Solomon*, 49 S.W.3d at 364; *Fairow*, 943 S.W.2d at 900.

Further, a witness may testify to what he or she believes. *See Trapp v. State*, Nos. 2-09-382-CR & 2-09-383-CR, 2010 WL 3834595, at *2 (Tex. App.—Fort Worth Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication) ("The question that the witness answered asked only what the witness believed; it did not ask her to speculate about what others believe."). In a question very similar to the question before this court, the Fourteenth Court of Appeals permitted such testimony. *Jones v. State*, No. 14-06-00307-CR, 2007 WL 1086990, at *8 (Tex. App.—Houston [14th Dist.] Apr. 12, 2007, no pet.) (mem. op., not designated for

4

publication).  In *Jones*, the prosecutor asked the witness what he believed the defendant meant by a statement made to the witness.  *Id.*  Defense counsel objected and claimed that any answer to the question would be based on speculation.  *Id.*  The court held that asking the witness his opinion as to what the defendant meant was not speculation because it met both prongs of Rule 701.  *Id.*  Similarly, because here neither the question that the prosecutor asked Officer Shiderly nor the answer Officer Shiderly provided called for or resulted in speculative testimony, the trial court did not err when it allowed this testimony.  We cannot say that the trial court abused its discretion when it admitted Officer Shiderly's testimony.   We overrule Appellant's first issue.

Over Appellant's objection, the trial court admitted into evidence three vials of Appellant's blood.  Nurse Mary Jozwiak took the blood from Appellant on the morning of the arrest.  Jason Allison, a forensic scientist, analyzed Appellant's blood sample for alcohol content.  In Appellant's second issue, he argues that the trial court improperly admitted that evidence because the State failed to provide the proper foundation for chain of custody.

Before the results of a blood test may properly be admitted into evidence, the State must demonstrate a proper chain of custody of the sample drawn from the accused and later tested.  *See* TEX. R.  EVID. 901; *Durrett v. State*, 36 S.W.3d 205, 208 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  TEX. R.  EVID. 901(a).

Appellant argues that the State did not prove that the chain of custody was proper because Allison, whose initials appeared on the sample, failed to identify the last signature on the chain of custody form.  Appellant argues that the State failed to establish the end of the chain of custody; therefore, the court improperly admitted

the sample. To admit evidence, the State must provide "[p]roof that validates the beginning and the end of the chain of custody." *Patel v. State*, No. 2-08-032-CR, 2009 WL 1425219, at *2 (Tex. App.—Fort Worth May 21, 2009, no pet.) (mem. op., not designated for publication) (citing *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *disapproved on other grounds by Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1993)). Allison testified to the end of the chain of custody in the lab. His testimony, even without knowledge of any signatures entered after his analysis, provides the necessary elements for the trial court to admit the evidence. *See Medellin v. State*, 617 S.W.2d 229, 232 (Tex. Crim. App. [Panel Op.] 1981) ("The chain of custody was completed to inside the laboratory, thus any further objection goes to the weight of the evidence, rather than to its admissibility."). Additionally, Officer Shiderly testified that he was present when Appellant's blood was drawn, that he placed his initials on the evidence after he obtained it, that he took the evidence to a secure refrigerator for the property technicians to collect, that the samples that he later retrieved from evidence storage and brought to court still had his initials on them, and that he "sign[ed] it out" of the property room to bring it to court. Officer Shiderly identified the blood draw kit as the same blood draw kit that was used in this case for this Appellant. This added testimony established the beginning and the end of the chain of custody outside of the lab. *See Elliott v. State*, 450 S.W.2d 863, 864 (Tex. Crim. App. 1970) (holding that the chain of custody was properly established when the officer testified that he placed the evidence in an envelope and sealed it, that he marked the envelope with his identification information, that he placed the envelope in the police property room, and that he retrieved the same envelope the day of trial and brought it to court with him.). We cannot say that the trial court abused its discretion when it admitted the vials. Appellant's second issue on appeal is overruled.

In Appellant's third issue, he complains that the trial court erred when it admitted a lab report that contained information regarding his blood alcohol content. At trial, Appellant objected on both hearsay and confrontation grounds. However, as the State correctly points out, Appellant does not argue confrontation issues on appeal. Therefore, we will consider only Appellant's hearsay complaint.

Appellant argues that the trial court improperly admitted State's Exhibit No. 5, the lab report that contained the results of the blood alcohol test, in violation of Rule 801. Rule 801 provides that a court may not admit an out-of-court statement offered for the truth of the matter asserted unless it meets a recognized exception to the hearsay rule. TEX. R. EVID. 801. Here, however, even if we were to hold that the trial court erred when it admitted the report, any such error was harmless. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986); *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984); *Davis v. State*, 516 S.W.2d 157, 162 (Tex. Crim. App. 1974).

Improperly admitted hearsay is non-constitutional error; therefore, Texas Rule of Appellate Procedure 44.2(b) applies. *Derichsweiler v. State*, 359 S.W.3d 342, 346 (Tex. App.—Fort Worth 2012, pet. ref'd) ("Because the erroneous admission of inadmissible hearsay is not constitutional error, we apply rule 44.2(b) and disregard the error if it did not affect Derichsweiler's substantial rights."). Pursuant to Rule 44.2(b), an error is not reversible error unless it affects a substantial right of the appellant. TEX. R. APP. P. 44.2(b). An error affects a substantial right when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). An accused's substantial rights are not affected by the erroneous admission of evidence if the court, after examining the record as a whole, has fair assurance that the error did not influence the jury or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

7

When conducting a Rule 44.2(b) harm analysis based upon the erroneous admission of evidence, an appellate court should consider the entire record, including:

> [A]ny testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error.

*Rich v. State*, 160 S.W.3d 575, 577–78 (Tex. Crim. App. 2005).

The State may prove intoxication in either of two ways. *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003). The first way in which the State can prove intoxication is through evidence that the accused has lost the use of his mental or physical faculties. *Derichsweiler*, 359 S.W.3d at 347. Alternatively, the State can prove intoxication by proof that Appellant's blood alcohol content exceeded the statutory maximum. *Id.* These are not separate violations of the law but different ways the State may prove intoxication. *Bagheri*, 119 S.W.3d at 762. When we examine the case as a whole, even if we were to hold that the trial court admitted the lab report in error, any such error would be harmless if it "did not have a substantial or injurious effect on the jury's verdict." *Derichsweiler*, 359 S.W.3d at 347. In *Derichsweiler*, the appellant complained that the trial court admitted a hearsay document, the toxicology report, into evidence. *Id.* The Court held that, in the context of the entire case, any error that the trial court made when it admitted the toxicology report was harmless because the evidence included the testimony of officers that the defendant showed signs of intoxication as well as a video tape of the defendant. *Id.*

Quite like the evidence in *Derichsweiler*, Officer Shiderly and Corporal Flores testified to Appellant's appearance and behavior. Both officers testified that Appellant had watery, bloodshot eyes; slurred speech; and alcohol on his breath. Further, Officer Shiderly testified to Appellant's refusal to complete field sobriety

8

tests. Finally, Appellant himself testified that he drank several alcoholic beverages the night of his arrest.

Further, Appellant cured any error when, after the trial court admitted the lab report into evidence, he testified to the results of the blood test. Specifically, the prosecutor asked Appellant, "[w]hat did those blood results come back on you?" To which Appellant answered, without objection from his counsel, "[t]he sheet says .15." The improper admission of evidence is harmless when the same facts are proved by other properly admitted evidence or evidence that is admitted without objection. *Brooks*, 990 S.W.2d at 287; *Anderson*, 717 S.W.2d at 628. Appellant cured any error that the trial court might have committed when it admitted the lab report. *Hudson*, 675 S.W.2d at 511; *Davis*, 516 S.W.2d at 162; *see also Ford v. State*, 919 S.W.2d 107, 117–18 (Tex. Crim. App. 1996).

We conclude that even if the trial court erred when it overruled appellant's objection and admitted the lab report, Appellant was not harmed because the error was cured when Appellant himself testified, without objection, to the contents of the report. Accordingly, error, if any, did not have a substantial or injurious effect on the jury's verdict and was harmless. Appellant's third issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

July 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9